

**U.S. Department of Justice**

*Carmen M. Ortiz*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

February 8, 2010

Geoffrey Nathan, Esq.
Law Offices of Geoffrey Nathan
132 Boylston St.
Boston, MA 02116

Re:   <u>Asu Pala</u>

Dear Mr. Nathan:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Asu Pala ("Defendant"), in the above-referenced case. The Agreement is as follows:

1.   <u>Change of Plea</u>

At the earliest practicable date, Defendant shall waive indictment and plead guilty to the Information attached to this Agreement, which charges him with one count of conspiracy in violation of 18 U.S.C. §371, and five counts of failure to file a federal income tax return in violation of 26 U.S.C. § 7203. Defendant expressly and unequivocally admits that he committed the crimes charged in the Information, did so knowingly, intentionally, and willfully, and is in fact guilty of those offenses.

2.   <u>Penalties</u>

Defendant faces the following maximum penalties:

      (a)   Conspiracy — 18 U.S.C. §371
           (i)   5 years of imprisonment;
           (ii)   3 years of supervised release;
           (iii)   A fine of $250,000 or twice the gain or loss, whichever is greatest;
           (iv)   Restitution to the victims of the fraud;

        (v)      Forfeiture, as alleged in the Information; and

        (vi)     A special assessment of $100.

(b)     Failure to File a Federal Income Tax Return — 26 U.S.C. § 7203

        (i)       1 year of imprisonment (per count)

        (ii)     1 year of supervised release (per count)

        (iii)    A fine of $100,000 or twice the gain or loss, whichever is greatest (per count);

        (iv)    Restitution to the IRS;

        (v)      Forfeiture, as alleged in the Information; and

        (vi)     A special assessment of $25 (per count).

Defendant may also be deportable and/or excludable by the United States Immigration and Customs Enforcement as a consequence of his conviction of the offenses to which he is pleading guilty.

3.     <u>Sentencing Guidelines</u>

The sentence to be imposed upon Defendant is within the discretion of the District Court ("Court"), subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act, and the United States Sentencing Guidelines promulgated thereunder. The Sentencing Guidelines are advisory, not mandatory and, as a result, the Court may impose a sentence up to and including the statutory maximum term of imprisonment and statutory maximum fine.  In imposing the sentence, the Court must consult and take into account the Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. § 3553(a).

The United States will take the following position at sentencing with respect to the application of the Sentencing Guidelines:

**Group 1: Count 1**

**U.S.S.G. § 2X1.1 (Conspiracies, Attempts, Solicitations)**

| | | |
|---|---|---|
| (a) | Base offense level<br>    Offense level for violation of 18 U.S.C. § 1030(a)(4)<br>    as per U.S.S.G. § 2B1.1 (see below) | 34 |
| (b)(1) | Conspiracy was completed, so do **not** decrease offense level by 3 | 0 |
| **TOTAL** | | **34** |

**U.S.S.G. § 2B1.1 (Larceny, Embezzlement, and Other Forms of Theft; Offenses Involving Stolen Property; Property Damage or Destruction; Fraud and Deceit; Forgery; Offenses Involving Altered or Counterfeit Instruments Other than Counterfeit Bearer Obligations of the United States)**

| | | |
|---|---|---|
| (a) | Base offense level<br>Statutory maximum less than 20 years | 6 |
| (b)(1)(J),(K) | Loss is approximately $7,941,336 | 20 |
| (b)(2)(C) | Involved more than 250 victims | 6 |
| (b)(9)(B) | Sophisticated means, including substantial part of scheme committed outside United States and employing others to use sophisticated computer-hacking techniques | 2 |

**TOTAL**       **34**

**Group 2: Counts 2-6**

**U.S.S.G. § 2T1.1 (Tax Evasion; Willful Failure to file Return, Supply Information, or Pay Tax; Fraudulent or False Returns, Statements, or Other Documents)**

| | | |
|---|---|---|
| (a)(1) | Base offense level from § 2T4.1(I) corresponding to tax loss of $2,287,993 | 22 |
| (b)(1) | Failure to report more than $10,000 in income from criminal activity in a year | 2 |

**TOTAL**       **24**

Under *United States v. Martin*, 363 F.3d 25, 41-44 (1st Cir. 2004) (refusing to group fraud and tax counts), the computer fraud and tax counts do not group under U.S.S.G. § 3D1.2. If the offense level for the fraud group is 34, the tax group is disregarded under U.S.S.G. § 3D1.4(c), because the offense level for the tax group (24) is more than 9 levels lower than the offense level for the fraud group (34). The Adjusted Offense Level for all criminal conduct alleged in the Information and all relevant conduct, before accounting for acceptance of responsibility, is therefore **34**.

The U.S. Attorney reserves the right to oppose Defendant's argument(s) for a departure or a sentence outside the Guidelines under the factors set forth in 18 U.S.C. § 3553(a).

The U.S. Attorney expressly reserves the right to seek an upward departure pursuant to U.S.S.G. § 4A1.3 should any of Defendant's prior state convictions be vacated or Defendant's Criminal History Category otherwise change after his indictment in this case. Thus, for example, the U.S. Attorney may contend that an upward departure under § 4A1.3 is appropriate if a state-court conviction that existed at the time of Defendant's indictment is vacated and that vacation alters Defendant's Criminal History Category.

Based on Defendant's prompt acceptance of personal responsibility for the offense(s) of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between his execution of this Agreement and sentencing Defendant:

(a)     Fails to admit a complete factual basis for the plea;

(b)     Fails to truthfully admit his conduct in the offenses of conviction;

(c)     Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(d)     Fails to provide truthful information about his financial status;

(e)     Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(f)      Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(g)     Intentionally fails to appear in Court or violates any condition of release;

(h)     Commits a crime;

(i)      Transfers any asset protected under any provision of this Agreement; or

(j)      Attempts to withdraw his guilty plea.

Defendant expressly understands that he may not withdraw his plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that he receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-

of-responsibility adjustment, the U.S. Attorney may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4.    Sentence Recommendation

In the event the U.S. Attorney does not file a motion under U.S.S.G. § 5K1.1 and/or 18 U.S.C. § 3553(e), the U.S. Attorney agrees to recommend the following sentence before the Court:

(a)    Incarceration for a period at the low end of the guidelines, as calculated consistent with the figures and calculations set forth above (exclusive of any downward departure or variance awarded by the Court);

(b)    A fine at the low end of the guidelines range, unless the Court finds that Defendant is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay a fine;

(c)    Restitution to the IRS for back taxes from tax years 2003 through 2007, which is currently estimated at $2,287,993;

(d)    Forfeiture of $7,941,336.88, as set forth below;

(e)    A mandatory special assessment of $225 ($100 for Count 1, and $25 per count for Counts 2 through 6);

(f)    Three years of supervised release, with special conditions that:

(i)    Defendant obtain and complete counseling for substance abuse;

(ii)    Defendant obtain and complete counseling for anger management;

(iii)    Defendant obtain and complete counseling for gambling;

(iv)    Defendant obtain and complete counseling for credit-, debt-, or other money-management problems; and

(v)    During the period of supervised release, Defendant must, within six months of sentencing or release from custody, whichever is later:

(A)    Cooperate with the Examination and Collection Divisions of the Internal Revenue Service;

(B)    Provide to the Examination Division all financial information necessary to determine Defendant's prior tax liabilities;

5

(C)   Provide to the Collection Division all financial information necessary to determine Defendant's ability to pay;

(D)   File accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed; and

(E)   Make a good faith effort to pay all delinquent and additional taxes, interest and penalties.

Defendant will not contest any of the above recommendations other than the term of imprisonment, the fine, and the amount of (but not the need for) restitution to the IRS. The U.S. Attorney reserves the right to oppose Defendant's argument(s) for a departure or a sentence outside the Guidelines under the factors set forth in 18 U.S.C. § 3553(a).

Defendant agrees that he will provide to the U.S. Attorney expert reports, motions, memoranda of law and documentation of any kind on which he intends to rely at sentencing not later than twenty-one days before sentencing. Any basis for sentencing with respect to which all expert reports, motions, memoranda of law and documentation have not been provided to the U.S. Attorney at least twenty-one days before sentencing shall be deemed waived.

5.   Payment of Mandatory Special Assessment

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

6.   Protection of Assets for Payment of Restitution, Forfeiture and Fine

Defendant agrees not to transfer, or authorize the transfer of, any asset which has been restrained by Order of the Court in this case or any asset, whether or not restrained, which Defendant has agreed to forfeit pursuant to this Agreement.

Defendant agrees not to transfer, or authorize the transfer of any other asset in which he has an interest without prior express written consent of the U.S. Attorney, except for:

(a)   Assets subject to superior, secured interests of innocent third parties, in which Defendant has an equity interest of less than $1,000;

(b)   Ordinary living expenses necessary to house, clothe, transport and feed Defendant and those to whom he owes a legal duty of support, so long as such assets do not exceed $2,000 per month; and

(c)   Attorney's fees incurred in connection with this criminal case.

6

This prohibition shall be effective as of the date of Defendant's execution of this Agreement and continue until the fine, forfeiture and restitution ordered by the Court at sentencing and any tax liability incurred as a result of the conduct charged in the Information are satisfied in full.

Defendant further agrees that, prior to sentencing, he will truthfully and accurately complete the sworn financial statement enclosed with this Agreement.

7.     Waiver of Rights to Appeal and to Bring Collateral Challenge.

     (a)     Defendant has conferred with his attorney and understands that he has the right to challenge both his conviction and his sentence on direct appeal. Defendant also understands that he may, in some circumstances, be able to argue that his conviction and/or sentence should be set aside or reduced in a collateral challenge, such as pursuant to a motion under 28 U.S.C. § 2255 or 18 U.S.C. § 3582(c).

     (b)     Defendant waives any right he has to challenge his conviction on direct appeal or in collateral challenge.

     (c)     Defendant agrees that, if the Court grants the U.S. Attorney's motion for a downward departure pursuant to either U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e) and does, in fact, depart downward on that basis, he will not file a direct appeal nor collaterally challenge any sentence imposed. Defendant further agrees that if the U.S. Attorney does not move for a downward departure pursuant to either U.S.S.G. § 5K1.1 or 18 U.S.C. § 3553(e), or the U.S. Attorney makes the motion and the Court does not grant it, Defendant will not file a direct appeal nor collaterally challenge any imprisonment sentence of 9 years or less. This provision is binding even if the Court employs a Guidelines analysis different from that set forth in this Agreement.

     (d)     The U.S. Attorney likewise agrees that, regardless of the analysis employed by the Court, she will not appeal any imprisonment sentence of 9 years or more.

8.     Other Post-sentence Events

     (a)     In the event that, notwithstanding the waiver provision of Paragraph 7(c), Defendant appeals or collaterally challenges his sentence, the U.S. Attorney reserves the right to argue the correctness of the sentence imposed by the Court (in addition to arguing that any appeal or collateral challenge is waived as a result of the waiver in Paragraph 7).

     (b)     If, notwithstanding the waiver provision of Paragraph 7(c), Defendant seeks

re-sentencing, he agrees that he will not seek to be re-sentenced with the benefit of any change to the criminal history category that the Court calculated at the time of Defendant's original sentencing, except to the extent that he has been found actually factually innocent of a prior crime. Thus, for example, Defendant will not seek to be re-sentenced based on the set aside of a prior state-court conviction that occurs after sentencing unless he has been found actually factually innocent of that prior crime.

(c)     In the event of a re-sentencing following an appeal from or collateral challenge to Defendant's sentence, the U.S. Attorney reserves the right to seek a departure from the Sentencing Guidelines and a sentence outside the Sentencing Guidelines if, and to the extent, necessary to reinstate the sentence advocated by the U.S. Attorney at Defendant's initial sentencing pursuant to this Agreement.

9.     Cooperation

(a)     Terms of Cooperation

Defendant agrees to cooperate fully with law enforcement agents and government attorneys. He must provide complete and truthful information to all law enforcement personnel. If his testimony is requested, he must testify truthfully and completely before any grand jury, and at any hearing and trial. Defendant must answer all questions put to him by any law enforcement agents or government attorneys and must not withhold any information. He must not attempt to protect any person or entity through false information or omission, or to implicate falsely any person or entity. Upon request, he must furnish all documents, objects and other evidence in his possession, custody or control that are relevant to the government's inquiries.

Defendant understands that he has a right to have counsel present when communicating with representatives of the government concerning the criminal conduct with which he has been charged. To facilitate his cooperation, Defendant hereby knowingly and voluntarily waives this right with respect to all debriefings by law enforcement agents and government attorneys and all appearances to testify. This waiver may be revoked at any time by a specific request by Defendant or his counsel without otherwise affecting the terms or enforceability of this Agreement.

To enable the Court to have the benefit of all relevant sentencing information, Defendant waives any rights he may have to prompt sentencing and will join in any requests by the U.S. Attorney that sentencing be postponed until Defendant's cooperation is complete. Defendant understands that the date of Defendant's sentencing is within the sole discretion of the Court and that this Agreement may require Defendant's cooperation to continue even after Defendant has been sentenced. Defendant's failure to continue to cooperate pursuant to the terms of this Agreement after sentence is imposed shall constitute a breach of this Agreement by Defendant.

(b)     Substantial Assistance Motion

In the event that Defendant provides substantial assistance in the investigation or prosecution of another person who has committed a criminal offense, the U.S. Attorney agrees that, at or before the time of sentencing, she will file a motion under U.S.S.G. § 5K1.1 to allow the Court to impose a sentence below the applicable Guideline Sentencing Range.

The determination whether Defendant has provided substantial assistance rests solely in the discretion of the U.S. Attorney and is not subject to appeal or review. The U.S. Attorney expressly reserves the right to decline to file a motion pursuant to U.S.S.G. § 5K1.1 if Defendant violates any condition of his pretrial release, violates any of the requirements of honesty and candor detailed in Paragraph 9(a) above, or engages in any criminal conduct after the date he signs this Agreement. Defendant may not withdraw his plea if the U.S. Attorney determines that Defendant has not rendered substantial assistance, or if the Court refuses to grant the U.S. Attorney's motion for a downward departure.

(c)     Sentence Recommendation with Substantial Assistance

If Defendant provides substantial assistance, subject to all the provisions of Paragraphs 9(a) and 9(b) above, the U.S. Attorney will advise the Court of the full nature, extent and value of the assistance provided by Defendant.

The U.S. Attorney reserves the right to recommend a particular sentence or sentencing range, or to make no recommendation at Defendant's sentencing.

(d)     Letter Immunity

In return for Defendant's full and truthful cooperation, the U.S. Attorney agrees not to use any information provided by Defendant pursuant to this Agreement or pursuant to the proffer letter dated July 6, 2009 (or any information directly or indirectly derived therefrom) against Defendant in any criminal case except in a prosecution: (1) for perjury or obstruction of justice, or for making a false statement after the date of this Agreement; or (2) for an act of physical violence against the person of another, or conspiracy to commit any such act of violence. The U.S. Attorney reserves the right to respond fully and completely to all requests for information by the Court and U.S. Probation Office in this case. All such disclosures, however, shall be made subject to the provisions constraining the use of this information by the Court and U.S. Probation Office contained in U.S.S.G. § 1B1.8(a) and the commentary thereto. Notwithstanding the provisions of U.S.S.G. § 1B1.8(b)(5) and the commentary thereto, the U.S. Attorney agrees to take the position that at the time of sentencing information provided by Defendant pursuant to this Agreement should not be used either in determining where within the applicable guideline range to sentence Defendant or in determining whether, or to what extent, a departure from the Sentencing Guidelines is warranted.

If the U.S. Attorney determines that Defendant has breached this Agreement by making any false, incomplete or misleading statement, or by providing any false, incomplete or misleading

information to any law enforcement personnel, grand jury or court, the U.S. Attorney may terminate this Agreement as set forth below, and may also prosecute Defendant for any and all offenses that could be charged against him in the District of Massachusetts, including, but not limited to, false statements and perjury.

10.    Court Not Bound by Agreement

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the Court. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the Court. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw his plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw his plea because the U.S. Probation Office or the Court declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the Court declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the Court's calculations and sentence in any subsequent appeal or collateral challenge.

11.    Forfeiture

Defendant will forfeit to the United States any and all assets subject to forfeiture pursuant to 18 U.S.C. § 981(a)(2)(B) as a result of his guilty plea. The assets to be forfeited include, but are not limited to, cash, stocks, bonds, certificates of deposit, tangible and intangible personal property and real estate.

Defendant agrees that the proceeds he obtained from the crimes to which he is pleading guilty totaled between $4,000,000 and $7,941,336.88, the exact amount of which will be determined by the Court at sentencing as the loss figure for Count 1. Defendant acknowledges and agrees that the proceeds cannot be located upon exercise of due diligence, or has been transferred or sold to, or deposited with, a third party, placed beyond the jurisdiction of the Court, substantially diminished in value, or commingled with other property which cannot be divided without difficulty. Accordingly, Defendant agrees that the United States is entitled to forfeit as "substitute assets" any other assets of Defendant up to the value of the now missing directly forfeitable assets.

Defendant agrees to assist law enforcement agents and government attorneys in locating, liquidating, recovering, returning to the United States, and forfeiting all forfeitable assets, wherever located, and in whatever names the assets may be held. Defendant shall promptly take whatever steps are deemed necessary by the U.S. Attorney to transfer possession of, and clear title to, all forfeitable assets to the United States. Such steps may include, but are not limited to, executing and surrendering all title documents, and signing consent decrees of forfeiture, deeds, sworn statements relating the factual bases for forfeiture, and any other documents deemed necessary by the U.S. Attorney to complete the criminal, civil, or administrative forfeiture proceedings which may be brought against the assets identified in this section and against any other forfeitable assets involved in or related to any of the criminal acts charged in the Indictment.

In order to assist the United States in locating and forfeiting directly forfeitable and substitute assets, Defendant shall deliver to the U.S. Attorney within thirty days after signing this Agreement a sworn financial statement, executed under the pains and penalties of perjury, fully and truthfully disclosing the existence, nature and location of all assets in which Defendant currently has any legal or beneficial interest, and all assets over which Defendant has exercised control, or has had any legal or beneficial interest, at any time from January 1, 2003 to the present. At the request of the U.S. Attorney, Defendant further agrees to be deposed with respect to Defendant's assets.

Forfeiture of substitute assets shall not be deemed an alteration of Defendant's sentence. The forfeitures set forth herein shall not satisfy or offset any fine, restitution, cost of imprisonment, or other penalty imposed upon Defendant, nor shall the forfeitures be used to offset Defendant's tax liability or any other debt owed to the United States.

In addition to all other waivers or releases set forth in this Agreement, Defendant hereby waives any and all claims arising from or relating to the forfeitures set forth in this section, including, without limitation, any claims arising under the Double Jeopardy Clause of the Fifth Amendment, or the Excessive Fines Clause of the Eighth Amendment, to the United States Constitution, or any other provision of state or federal law.

The United States District Court for the District of Massachusetts shall retain jurisdiction to enforce the provisions of this section.

Defendant hereby waives and releases any and all claims he may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

Defendant agrees to consent to the entry of an order of forfeiture in the amount of between $4,000,000 and $7,941,336.88, the exact amount of which will be determined by the Court at sentencing as the loss figure for Count 1, and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

12.    Restitution to the IRS

a.      Defendant agrees to pay restitution to the Internal Revenue Service in the total amount described below, pursuant to 18 U.S.C. § 3663(a)(3) (restitution to the extent agreed in a plea agreement).

b.      Defendant agrees that the total amount of restitution reflected in this paragraph results from defendant's illegal failure to file or pay his income taxes.

11

c.     The total amount of restitution to the IRS consists of the following tax losses —
$284,987 from tax year 2003; $701,825 from tax year 2004; $826,783 from tax year 2005 ; $380,870
from tax year 2006; and $93,528 from tax year 2007, the amounts for which will be credited against
his tax — plus interest, the amounts for which will not be credited against tax. The interest will be
calculated by the IRS, under 26 U.S.C. § 6601 and/or § 6621, as of the anticipated date of
sentencing, and will be adjusted for the actual date of sentencing or the date that restitution is made.
This interest figure does not include any interest that may accrue under 18 U.S.C. § 3612.

d.     Defendant agrees to pay restitution by making payments as ordered by the Court in
any restitution order or judgment entered pursuant to this plea agreement.

e.     Defendant agrees to sign any IRS forms deemed necessary by the IRS to enable the
IRS to make an immediate assessment of that portion of the tax and interest that he agrees to pay as
restitution to the IRS.     Defendant also agrees to sign IRS Form 8821, "Tax Information
Authorization."

f.     Defendant agrees not to file any claim for refund of taxes or interest represented by
any amount of restitution paid pursuant to this agreement.

g.     The parties understand that Defendant will receive credit toward his tax, consistent
with the provisions in subparagraph (c) above, for the payments made pursuant to this agreement.
Except as set forth in the previous sentence, nothing in this agreement shall limit the IRS in its
lawful examination, determination, assessment, or collection of any taxes, penalties or interest due
from the defendant for the time period(s) covered by this agreement or any other time period.

h.     Defendant agrees that this agreement, or any judgment, order, release, or satisfaction
issued in connection with this agreement, will not satisfy, settle, or compromise Defendant's
obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions
to tax, interest, and penalties, owed to the IRS for the time period(s) covered by this agreement or
any other time period.

i.     Defendant understands that he is not entitled to credit with the IRS for any payment
sent to an incorrect address or accompanied by incomplete or inaccurate information, unless and
until any payment is actually received by the Internal Revenue Service and identified by it as
pertaining to his particular liability.

j.     The contact information for the Special Agent assigned to this case is as follows:

Joel Burman
IRS-CI
60 Quaker Lane, Ste. 68
Warwick, RI 02886
Phone: 401-826-4732

12

k.     Defendant agrees that, unless the Director of the Administrative Office of the United States Courts directs him otherwise, all payments made pursuant to the court's restitution order are to be sent only to the Clerk of the Court at the following address:

> Clerk of the Court
> United States District Court for the District of Massachusetts
> 1 Courthouse Way
> Boston, MA 02210

l.     With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, Defendant will provide the following information:

> i.      Defendant's name and Social Security number;
> ii.     The District Court docket number assigned to this case;
> iii.    Tax year(s) or period(s) for which restitution has been ordered; and
> iv.     A statement that the payment is being submitted pursuant to the District Court's restitution order.

Defendant shall also include a request that the Clerk of the Court send the information, along with Defendant's payments, to the appropriate office of the Internal Revenue Service.

m.     Defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

> Internal Revenue Service
> Attn: MPU, STOP 151 (Restitution)
> P.O. Box 47-421
> Doraville, GA 30362.

13.     Information For Presentence Report

Defendant agrees to provide all information requested by the U.S. Probation Office concerning his assets.

14.     Civil Liability

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of his conduct and his plea of guilty to the charges specified in Paragraph 1 of this Agreement. Defendant agrees to cooperate with employees of the IRS, the Civil Division of the U.S. Attorney's Office, and law enforcement agents working with attorneys in the Civil Division of the U.S. Attorney's Office, in making an assessment of his civil liabilities. Defendant specifically authorizes release by the FBI or IRS to the aforementioned agencies and their representatives of

information for purposes of making that assessment. Defendant further agrees to assent to the filing and allowance of a motion under Rule 6(e) of the Federal Rules of Criminal Procedure, to permit the disclosure of matters occurring before the grand jury for this purpose.

### 15. Rejection of Plea by Court

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

### 16. Breach of Agreement

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of his pretrial release, or has committed any crime following his execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to her under the law, irrespective of whether she elects to be released from her commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by him of an obligation under this Agreement shall give rise to grounds for withdrawal of his guilty plea. Defendant understands that, should he breach any provision of this Agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by him, and any information, materials, documents or objects which may be provided by him to the government subsequent to this Agreement, or pursuant to the proffer agreement dated July 6, 2009 without any limitation. In this regard, Defendant hereby waives any defense to any charges which he might otherwise have based upon any statute of limitations, the constitutional protection against pre-indictment delay, or the Speedy Trial Act.

### 17. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

### 18. Complete Agreement

This letter contains the complete and only agreement between the parties relating to the disposition of this case. No promises, representations or agreements have been made other than those set forth in this letter and in the proffer letter dated July 6, 2009. This Agreement supersedes prior understandings, if any, of the parties, whether written or oral, with the sole exception of those contained in the proffer letter dated July 6, 2009. This Agreement can be modified or supplemented only in a written memorandum signed by the parties or on the record in court.

14

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Scott L. Garland.

Very truly yours,

CARMEN M. ORTIZ
United States Attorney

By: _____
JOHN T. McNEIL
Deputy Chief, Criminal Division

15

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

_____
Asu Pala
Defendant

Date: 2 / 17 / 2010

I certify that Asu Pala has read this Agreement and that we have discussed its meaning. I believe he understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

_____
Geoffrey Nathan, Esq.
Attorney for Defendant

Date: 2/17/10

16